UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARBARA GRASSO, Individually,
and d/b/a DeGRASSO'S BERNESE
MOUNTAIN DOGS,

        Plaintiff,

 -against-             1:20-CV-521 (LEK/DJS)

JENNIFER
DONNELLY-SCHOFFSTALL,
Individually,
and d/b/a BLUE RIBBON ACRES,
d/b/a ANATAR'S
BERNESE MOUNTAIN DOGS,
a/k/a, BLUE RIBBONS
ACRES KENNELS,
and a/k/a ACRES CANINE,

        Defendant.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

   Plaintiff Barbara Grasso brings this diversity action against Defendant Jennifer Donnelly-Schoffstall, individually and d/b/a Blue Ribbon Acres, asserting claims for: (1) breach of contract; (2) negligence; and (3) unjust enrichment. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 13 ("Motion to Dismiss"); 13-1 ("Defendant's Memorandum of Law"); 18 ("Opposition"); 20 ("Reply"). For the reasons that follow, Defendant's Motion is granted.

## II.     BACKGROUND

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

Plaintiff, a resident of Stratford, New York, is an experienced and well-respected breeder of Bernese Mountain Dogs. Compl. ¶ 8. Defendant, a resident of Lovettsville, Virginia, is also a breeder of Bernese Mountain Dogs. Id.

Beginning in 2001, Plaintiff and Defendant entered into an oral agreement by which Plaintiff would share with Defendant her experience in breeding, pedigree, genetic knowledge, and correct dog breeding bone structure. Id. Plaintiff also agreed to share her special knowledge in breeding dogs, teach and train Defendant in showing dogs at the American Kennel Club ("AKC") championships and groom shows, introduce Defendant to reputable dog show handlers, and further increase the Defendant's knowledge in order to win a competitive AKC conformation dog show ring. Id. Additionally, Plaintiff was to breed and whelp Bernese Mountain Dog puppies and raise them until they were six or seven weeks old, when Plaintiff would transport the puppies to Defendant in Virginia for socialization. Id. ¶ 11. Plaintiff would then market the puppies to her clients and arrange for their delivery to get a higher sale price, achievable only because of Plaintiff's experience and prestige in breeding Bernese Mountain Dogs. Id. ¶¶ 11, 16.

In exchange, Defendant agreed to assist Plaintiff in buying a house and paying her credit card bills, vehicle bills, and "other living expenses" from money generated by the breeding and selling of Bernese Mountain Dogs. Id. ¶ 8. In addition, Defendant was required under the agreement to pay Plaintiff's expenses related to raising the dogs including credit card bills, vehicle payments, and expenses for the car associated with the dog breeding business. Id. ¶ 17.

Plaintiff asserts claims for breach of contract, negligence, and unjust enrichment as a result of Defendant's failure to adhere to the terms of their agreement, by closing the dog account,[1] failing to pay for Plaintiff's residence, credit card, vehicles, and puppy/dog expenses. ¶ 21. Plaintiff alleges that she has suffered damages in excess of $75,000 as a result of Defendant's actions. Id. ¶ 64.

## III.  LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than

---

[1] The "dog account" is the bank account in Defendant's name where the parties agreed Defendant would put the money from the sale of puppies. Compl. ¶ 13. This money was then used to cover Plaintiff's cost in raising puppies and pay Plaintiff for her services. Id. ¶ 14, 17.

3

the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

## IV. DISCUSSION

### A. Breach of Contract

The Court addresses, in turn: (1) whether Plaintiff states a breach of contract claim; and (2) whether the Statute of Frauds bars this action.

#### 1. Failure to State a Breach of Contract Claim

"To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound[.]" Kowalchuk v. Stroup, 61 A.D.3d 118, 121 (N.Y. App. Div. 1st Dep't 2009). To state a claim for breach of contract under New York law, "'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017). In determining a party's obligations under a contract, "the initial interpretation of a contract is a matter of law for the court to decide." Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 189 (S.D.N.Y. 2011) (quoting K. Bell & Assocs., Inc. v. Lloyd's Underwriters, 97 F.3d 632, 637 (2d Cir. 1996)). A complaint must "allege the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated." Sirohi v. Trustees of Columbia Univ., 162 F.3d 1148 (2d Cir. 1998) (citing Sud v. Sud, 211 A.D.2d 423, 424, (N.Y. App. Div. 1st Dep't 1995)) (internal quotation marks omitted).

"Few principles are better settled in the law of contracts than the requirement of definiteness. If an agreement is not reasonably certain in its material terms, there can be no

4

legally enforceable contract[.]" Cobble Hill Nursing Home, Inc. v. Henry & Warren Corp., 74 N.Y.2d 475, 482 (N.Y. 1989). "[W]here the terms of an 'agreement are so vague and indefinite that there is . . . no means by which such terms may be made certain, then there is no enforceable contract.'" Freydl v. Meringolo, No. 09-CV-7196, 2013 WL 1285286, at *5 (S.D.N.Y. Mar. 29, 2013) (quoting Candid Prods., Inc. v. Int'l Skating Union, 530 F. Supp. 1330, 1333–34 (S.D.N.Y. 1982). "The consideration to be paid under a contract is a material term." GEM Advisors, Inc. v. Corporacion Sidenor, S.A., 667 F. Supp. 2d 308, 326 (S.D.N.Y. 2009).

"While it is true that application of the definiteness doctrine is not absolutely rigid, there must be 'an objective method for supplying a missing term.'" Clifford R. Gray, Inc. v. LeChase Const. Servs., LLC, 31 A.D.3d 983, 985–86, (N.Y. App. Div. 3rd Dep't. 2006) (quoting Matter of 166 Mamaroneck Ave. Corp. v. 151 E. Post Rd. Corp., 78 N.Y.2d 88, 91 (N.Y. 1991)) (citations omitted). Cobble Hill Nursing Home, Inc. declares:

> Where at the time of agreement the parties have manifested their intent to be bound, a price term may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties; a method for reducing uncertainty to certainty might, for example, be found within the agreement or ascertained by reference to an extrinsic event, commercial practice or trade usage.

74 N.Y.2d at 483 (citations omitted).

Plaintiff alleges in the Complaint that Defendant was to "assist in the payment of Plaintiff's credit card bills, vehicle bill and other living expenses" as well as "assist the Plaintiff … in purchasing a residence for the Plaintiff[.]" Compl. ¶ 8. These vague allegations are the only reference in the Complaint to the consideration to be paid. In Plaintiff's Opposition, Plaintiff points to the parties' mutual performance, and, confusingly, to the price to be paid by a third

party to the Defendant for the sale of a puppy as support for the conclusion that the oral contract, as alleged, is sufficiently definite. Opp'n at 15.

"'[W]here it is clear from the language of an agreement that the parties intend to be bound and *there exists an objective method* for implying a missing term, the court should endeavor to hold the parties to their bargain[.]'" Matter of 166 Mamaroneck Ave. Corp, 78 N.Y.2d at 91 (emphasis added). While Mamaroneck states that the definiteness doctrine, applied rigidly, could undermine the expectations of the parties, this case does not give a "hall pass" to every party to a contract to disregard the foundations of the law of contracts. See id. Rather, the Mamaroneck court asserts that while the definiteness doctrine should not be applied rigidly, an objective method is necessary to imply a missing term. See id.

Here, there must be some objective method for determining what consideration was to be given to Plaintiff since there is no indication of any price term in the Complaint. Matter of 166 Mamaroneck Ave., 78 N.Y.2d at 91. While it is not necessary for the Court to be capable of determining exactly how much Plaintiff may be owed at this stage in the litigation, it is nonetheless vital that Plaintiff properly plead the basic elements of a contract. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The Complaint is devoid of any definite term which the parties could point to in order to determine how much is owed. In Plaintiff's Opposition, Plaintiff makes no attempt to explain the lack of a definite price term in the contract. Rather, Plaintiff states, without citing authority, "[i]t is not required that the agreement specify a precise amount of compensation to be enforceable." Opp'n at 14. While that is true, Plaintiff neglects to mention the rule requiring an objective method of determining a missing term under Matter of 166 Mamaroneck Ave., 78 N.Y.2d at 91.

Plaintiff claims that the price to be paid by a third party for the sale of a puppy is an indicator that the price term was sufficiently definite. Opp'n at 13. The Complaint indicates that Defendant was to pay Plaintiff for the costs of raising the puppies out of the proceeds for the sale of the puppies they bred. Compl. ¶ 17. In addition, Defendant was required to pay Plaintiff for her services rendered. Id. ¶ 8. The sale price of the puppies to be paid by third parties provides no definiteness to the price term of the alleged contract. This sale price is not an objective method by which the Court, or any outsider, could determine how much is owed. The hypothetical range of possibilities owed to Plaintiff could range from .01 percent to 100 percent of the funds inside the "dog account" under the Complaint. The same reasoning applies to the allegations that Defendant was supposed to help pay for the Plaintiff's house and other bills. Compl. ¶ 8. There is no objective way for the court to determine how much Defendant was to pay under the terms of the agreement as described in the Complaint.

Since the Complaint does not provide a basis upon which the Court could objectively determine what Plaintiff is owed, Plaintiff has not sufficiently pled that there was a contract formed by the parties. Defendant's Motion to Dismiss based on the indefiniteness of a material term is therefore granted.

### 2. *Statute of Frauds*

Even if the Court were to find that a contract exists, it would be void, because the contract does not comply with the Statute of Frauds.

#### a. General Obligations Law § 5-701(a)(1)

New York's statute of frauds states:

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

> 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime[.]

N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney).

"This provision of the Statute of Frauds encompasses only those contracts which, by their terms, have absolutely no possibility in fact and law of full performance within one year." Guilbert v. Gardner, 480 F.3d 140, 151 (2d Cir. 2007) (quoting Cron v. Hargro Fabrics, Inc., 91 N.Y.2d 362, 670 (N.Y. 1998)) (internal quotation marks omitted). "[A] contract of indefinite duration is the very sort of implied contract precluded by the [S]tatute of [F]rauds." Andrews v. Sony/ATV Music Publ'g, LLC, No. 15-CV-7544, 2017 U.S. Dist. LEXIS 27034, *16 (S.D.N.Y. Feb. 23, 2017) (internal quotation marks omitted). While the statute may encompass "only those agreements which, by their terms, have absolutely no possibility of being performed within a year," Foster v. Kovner, 44 A.D.3d 23, 26 (N.Y. App. Div. 1st Dep't 2007), courts have continually held that § 5-701(a)(1) applies to contracts of no definite duration, especially those without any termination provision. See e.g., Andrews, 2017 U.S. Dist. LEXIS 27034, at *15–17.

The statute of frauds, as an affirmative defense, "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998). Defendant has the burden of proof as to this defense. See, e.g., Est. of Albin v. Mertz, LLC, No. 05-CV-3440, 2006 WL 8461442, at *5 (S.D.N.Y. Mar. 15, 2006); I.M. Oberman Assocs., Inc. v. Republic Fin. Servs., Inc., No. 92-CV-1843, 1992 WL 370416, at *3 (S.D.N.Y. Dec. 7, 1992).

Plaintiff argues that the Court should determine whether by its terms, the agreement is explicitly not to be performed within one year, and that if and only if this is so, the Court should

8

hold the agreement to be outside the Statute of Frauds. Opp'n at 16–17.  In other words, Plaintiff argues that since the agreement does not provide a definite duration, the agreement could have hypothetically been performed within one year, thereby taking the agreement outside the scope of the Statute of Frauds. Opp'n at 17-18.  Defendant argues, that where an agreement is silent as to duration and lacks any termination provision allowing for the termination of the agreement within one year, the Statute of Frauds applies. Mot. to Dismiss at 8. Defendant highlights that in Plaintiff's Opposition, she concedes that there is no durational element in the agreement. Reply at 7.

The case law is clear that when an agreement is silent as to the length of performance, and the agreement lacks any termination provision, the agreement is within the scope of the Statute of Frauds. See Andrews, 2017 U.S. Dist. LEXIS 27034, at *15–17 ("[B]ecause '[n]o termination provision, express or implied, [was] alleged,' [the] contract was, '[b]y its pleaded terms. . . a contract of indefinite duration'") (quoting In re Bayou Hedge Fund, 534 F. Supp. 405, 419 (S.D.N.Y. 2007) ("[C]ontracts of indefinite duration are deemed to be incapable of being performed within a year, and thus fall within the ambit of the Statute of Frauds." (quoting Bayou Hedge Fund Litig., 534 F. Supp. 2d at 419 (S.D.N.Y. 2007)); Burke v. Bevona, 866 F.2d 532, 538 (2d Cir. 1989) ("'[a] termination provision must be express . . . in order to excuse a contract from the writing requirement of the Statute of Frauds'"). United Magazine Co. v. Murdoch Magazines Distrib., 146 F. Supp. 2d 385, 403 (S.D.N.Y. 2001) (". . . a contract of indefinite term is capable of performance within a year only if there is an express provision for termination prior to the end of a year)."

The agreement appears to have been perpetual, as Plaintiff concedes that there was no durational element to the agreement. Being that there is no durational element nor any express

9

termination agreement, Plaintiff is obligated to provide "some note or memorandum thereof [] in writing, and subscribed by [Defendant]." GOB § 5-701(a)(1). "[T]he note or memorandum requirement may be satisfied by a single writing or by a series of writings, provided they express all essential terms of the agreement" and "must express those terms with reasonable definiteness and certainty, so that the substance thereof will appear from the writings without any resort to parol evidence." Abernathy-Thomas Eng'g Co. v. Pall Corp., 103 F. Supp. 2d 582, 611 (E.D.N.Y. 2000). Plaintiff does not bring forward any writing. As such, Defendant's Motion to Dismiss on the basis of § 5-701(a)(1) is therefore granted.

### b. General Obligations Law § 5-701(a)(10)

General Obligations Law § 5-701(a)(10) requires that business opportunities be in writing. The Court need not consider the implications of General Obligations Law § 5-701(a)(10) since the Court has already determined that the agreement must be in writing under General Obligations Law § 5-701(a)(1).

### B. Negligence

Plaintiff has withdrawn her negligence claim. Opp'n 19. Defendant's Motion to Dismiss Plaintiff's negligence claim is therefore granted.

### C. Unjust Enrichment

"To prevail on a claim for unjust enrichment, a plaintiff must establish that the defendant was enriched at his or her expense and that 'it is against equity and good conscience to permit the defendant to retain what is sought to be recovered[.]'" Silipo v Wiley, 138 A.D.3d 1178, 1180 (N.Y. App. Div. 3rd Dep't 2016) (citing Paramount Film Distrib. Corp. v State of New York, 30 N.Y.2d 415, 421 (N.Y. 1972)). "In order to succeed on [an] unjust enrichment claim, . . . [plaintiff is] required to prove not only that the usual common law elements of unjust enrichment

were present, but also that the writing requirement of the Statute of Frauds was satisfied." Tower Int'l v. Caledonian Airways, No. 97-7378, 1998 U.S. App. LEXIS 206, at *8–9 (2d Cir. Jan. 8, 1998) (summary order). It is well settled that, under New York law, a plaintiff may not escape the Statute of Frauds by attaching the label "quantum meruit" or "unjust enrichment" to the underlying contract claim. Grappo v. Alitalia Linee Aeree Italiane, S.p.A., 56 F.3d 427, 434 (2d Cir. 1995).

Plaintiff's Complaint states clearly that her unjust enrichment claim is predicated upon the same facts as the breach of contract claim. Compl. ¶ 56. Plaintiff's claim for unjust enrichment is barred under New York law. Morgenweck v. Vision Capital Advisors, LLC, No. 08-CV-2969, 2010 U.S. Dist. LEXIS 141637, at *14 (S.D.N.Y. June 3, 2010) (citing Goldstein v. CBIC World Markets Corp., et al., 6 A.D.3d 295, 296 (N.Y. App. Div. 1st Dep't 2004)). Since Plaintiff has predicated its unjust enrichment claim on the same basis as its breach of contract claim, in order to properly bring forward a claim for unjust enrichment, Plaintiff must satisfy the writing requirement as required by the statute of frauds. See Tower Int'l, 1998 U.S. App. LEXIS 206, at *8; Ely v. Perthuis, No. 12-CV-1078, 2013 U.S. Dist. LEXIS 14952, at *13 (S.D.N.Y. Jan. 29, 2013) ("[B]ecause the contract claim is barred by the Statute of Frauds, Plaintiff's claim of unjust enrichment on the basis of that contract is barred as well"). Therefore, Defendant's Motion to Dismiss Plaintiff's unjust enrichment claim is granted.

**V.      CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 13) is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 31, 2021
             Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge