UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARBARA GRASSO,

                          Plaintiff,

        -against-                                      1:20-CV-00521 (LEK/DJS)

JENNIFER DONNELLY-SCHOFFSTALL,

                          Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

        Pending before this Court is Defendant Jennifer Donnelly-Schoffstall's motion to dismiss

or strike Plaintiff Barbara Grasso's amended complaint. See Dkt. No. 30 ("Amended

Complaint"); Dkt No. 31 ("Motion"). In the alternative, Defendant seeks a more definite

pleading pursuant to Federal Rule of Civil Procedure 12(e). For the reasons that follow,

Defendant's Motion is denied in its entirety.

## II.     BACKGROUND

        ### A.      Factual Background

        The Court assumes familiarity with its prior Memorandum-Decision and Order, Dkt. No.

21 ("March 2021 MDO"), as well as with Plaintiff's factual allegations as detailed therein.

        This case arises out of a dispute between two dog breeders. In short, Plaintiff alleges that

she and Defendant were parties to an oral agreement "by which Plaintiff would share with

Defendant her experience in breeding, pedigree, genetic knowledge, and correct dog breeding

bone structure." Mar. 2021 MDO at 2. Plaintiff also committed to "breed and whelp Bernese

Mountain Dog puppies and raise them until they were six or seven weeks old" before

transporting them to Defendant. Id. In exchange, Defendant committed to "assist[ing] Plaintiff in

buying a house and paying her credit card bills, vehicle bills, and other living expenses from money generated by the breeding and selling of Bernese Mountain Dogs." Id. (quotation marks omitted). Defendant also agreed "to pay Plaintiff's expenses related to raising the dogs including credit card bills, vehicle payments, and expenses for the car associated with the dog breeding business." Id.

On May 8, 2020, Plaintiff filed her first complaint, in which she asserted claims for breach of contract, unjust enrichment, and negligence.[1] See Dkt. No. 1 ¶¶ 18–67 ("Original Complaint"). Plaintiff alleged that, in October 2019, Defendant "unilaterally stopped paying [Plaintiff's] residence expenses, credit cards expenses, vehicle, and puppy/dog expenses, all in breach of the parties' agreement, which has been in place for more than 18 years." Id. ¶ 21. Plaintiff also alleged that Defendant subsequently refused to send Plaintiff puppy litters, id. ¶¶ 30–36, a pregnant dog, id. ¶ 38, and a stud dog, id. ¶¶ 39–41, as necessary for the execution of their agreement. Plaintiff alleges that she did not see any further proceeds from the sale or breeding of the dogs retained by Defendant, despite their agreement and Plaintiff's ownership interest therein. See id. ¶¶ 62–64.

### B.    Decision and Appeal

On March 31, 2021, the Court issued the March 2021 MDO dismissing Plaintiff's claims. Specifically, this Court found that Plaintiff had failed to "properly plead the basic elements of a contract" because she had not sufficiently defined Defendant's consideration, Mar. 2021 MDO at 6, and that Plaintiff's alleged contract did not comply with the New York statute of frauds, see id. at 7–10. The Court also dismissed Plaintiff's unjust enrichment claim on the theory that it was solely predicated on her breach of contract claim. See id. at 10–11.

---

[1] Plaintiff subsequently withdrew her negligence claim. See Dkt. No. 18 at 19.

On April 22, 2021, Plaintiff appealed the March 2021 MDO. On March 11, 2022, the United States Court of Appeals for the Second Circuit vacated this Court's dismissal of Plaintiff's unjust enrichment claims, noting that Plaintiff was entitled to assert claims of unjust enrichment independent of her breach of contract claims. See Dkt. No. 27 ("Remand Order") at 5–7. Specifically, the Second Circuit noted that Plaintiff had "alleged that [Defendant] was in possession of Grasso's property (including breeding dogs), refused to return it, and was profiting from its unauthorized use." Id. at 6. The court therefore found that Plaintiff's unjust enrichment "claim [was] not barred" to "the extent that [Plaintiff] sought to rectify [Defendant's] withholding of her property or [Defendant's] profits from its exploitation." Id. The Second Circuit therefore remanded to this Court with specific instructions to "allow [Plaintiff] to replead alleging conversion, unjust enrichment, or both." Id. at 7.

### C.    Amended Complaint

After filing her notice of appeal, Plaintiff elected to proceed pro se and secured leave from this Court to proceed in forma pauperis. See Dkt. No. 25. Plaintiff then filed her Amended Complaint on August 29, 2022, in which she realleges unjust enrichment. See Am. Compl. at 3, 7. The Amended Complaint is somewhat disjointed, and appears to consist of (1) a scholarly article, see id. at 7–10; (2) a "notice of demand" seeking the transfer of title of Plaintiff's residence back to Plaintiff, see id. at 11–13; (3) a "notice of demand" seeking possession of Plaintiff's puppies, see id. at 14–19; (4) a "notice of demand" seeking the return of $176,114.78 in lost proceeds, see id. at 20–24; (5) "[s]ample [d]ocumentation" including emails between Plaintiff and Defendant, see id. at 25–29; (6) another copy of the "notice of demand" seeking return of the lost proceeds, see id. at 30–33; (7) more "[s]ample [d]ocumentation," id. at 34–38; (8) a written summary of her allegations, see id. at 39–40; and (9) a list of exhibits, see id. at 41.

On September 12, 2022, Defendant filed the present Motion. Defendant seeks dismissal of Plaintiff's Amended Complaint "for failure to comply with Fed. R. Civ. P. 8(a)(2), 8(d)(1) and 10(b)" and seeking to have it "stricken for failure to comply with Rule 11(a)." Dkt. No. 31-3 at 14. Defendant now asserts, *inter alia*, that Plaintiff's Amended Complaint does not contain a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief," id. at 6 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original), and notes that Defendant failed to sign her pleading as is required by Fed. R. Civ. P. 11(a), see id. at 8–10. As an alternative to dismissal, Defendant seeks to have Plaintiff "directed to file and serve a more definite statement of her pleading . . . pursuant to Fed. R. Civ. P. 12(e)." Id. at 10.

## III.    LEGAL STANDARD

### A.    Deference to Pro Se Litigants

The Court is "obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (emphasis omitted). Therefore, while a complaint must still satisfy the factual plausibility standard of Twombly and Iqbal, a pro se litigant is entitled to "special solicitude," and their submissions must be "interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474, 477 (2d Cir. 2006) (internal quotation marks omitted) (emphasis omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [Petitioner] has raised. In so doing, the court's imagination should be limited only by [Petitioner's] factual allegations, not by the legal claims set out in his pleadings.").

### B.    Motion to Dismiss

"[A] judgment of dismissal pursuant to Fed. R. Civ. P. 12(b)(6)[2] can only be entered if a court determines that, as a matter of law, a plaintiff failed to state a claim upon which relief can be granted." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021). "In determining if a claim is sufficiently 'plausible' to withstand dismissal," id. (citation omitted), a court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff," Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016) (citation omitted). However, a court need not accept "conclusory allegations or legal conclusions couched as factual . . . allegations." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Rothstein v. UBS AG, 708 F.3d 82, 94 (2d Cir. 2013)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### C.    Motion to Strike

Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") allows the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). "To prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) [] the allegations have no bearing on the issues in the case; and (3) [] to permit the allegations to stand would result in prejudice to the movant." Roe v. City

---

[2] The Court construes Defendant's Motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Cf. Danaher Corp. v. Travelers Indem. Co., No. 10-CV-121, 2014 WL 1133472, at *3 (S.D.N.Y. Mar. 21, 2014) (describing Rule 8's pleading requirements as "corollary" to the ability to seek dismissal under Federal Rule of Civil Procedure 12(b)(6)); Lopez v. Wright, No. 05-CV-1568, 2007 WL 388919, at *2 (N.D.N.Y. Jan. 31, 2007) (collecting decisions in which "the Second Circuit affirm[ed] the Rule 12(b)(6) dismissal of a complaint due to its insufficiency under Rule 8(a)(2)").

of New York, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (quotation marks omitted). However, "motions to strike material solely on the ground that the matter is . . . immaterial are disfavored." Brown v. Maxwell, 929 F.3d 41, 52 n.42 (2d Cir. 2019) (quotation marks omitted); see also Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A., 596 F. Supp. 2d 821, 829 (S.D.N.Y. 2008) ("[M]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute.").

### D.    Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) ("Rule 12(e)") allows litigants to move for a "more definite statement" in order to "inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." Bower v. Weisman, 639 F. Supp. 532, 538 (S.D.N.Y. 1986). However, Rule 12(e) "is designed to remedy unintelligible pleadings, not to correct for lack of detail." In re Methyl Tertiary Butyl Ether Products Liab. Litig., 233 F.R.D. 133, 134 (S.D.N.Y. 2005) (citation omitted). "Motions for a more definite statement are generally disfavored because of their dilatory effect," and so the "preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." Id. (citations and quotation marks omitted).

### E.    Pleading Sufficiency Under the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Separately, Federal Rule of Civil Procedure 8(d)(1) ("Rule 8(d)(1)") provides that each allegation "must be simple, concise, and direct." Federal Rule of Civil Procedure 10(b) ("Rule 10(b)") states that each party "must state its claims or defenses in numbered paragraphs." Finally, Federal Rule of Civil Procedure 11(a) ("Rule 11(a)") prescribes that "[e]very pleading,

written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."

## IV.   DISCUSSION

### A.   Motion to Dismiss

First, the Court finds that dismissal is not warranted under Rule 8. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (cleaned up). In each of her "notices of demand," Plaintiff asserts both relevant facts and the remedy she is seeking, thus easily satisfying Rule 8.

In her first "notice of demand," Plaintiff asserts, *inter alia*, that she and Defendant have an agreement under which legal title in the Stratford property could be transferred to her on request. See Am. Compl. at 11–12. Additionally, Plaintiff asserts that she has "substantial equity" in the Stratford property; taking this assertion as true, it is not difficult to understand how Defendant might be liable for withholding Plaintiff's interest in the property. Id. at 12.

In her second "Notice of Demand," Plaintiff asserts, *inter alia*, that she is the "legal and [American Kennel Club] owner" of a litter of dogs, but that Defendant refuses to return this litter. Id. at 14–15. Plaintiff also asserts that Defendant abused her power of attorney in order to "fraudulently transfer[] [American Kennel Club] ownership of individual puppies to others." Id. at 15. Plaintiff now seeks the return of these breeding dogs according to certain conditions necessary to preserve their value. See id. at 18.

In her third "Notice of Demand," Plaintiff asserts, *inter alia*, that Defendant withheld Plaintiff's share of jointly owned "assets, monies, and property." Id. at 20–22. Plaintiff also

alleges that Defendant took active steps to prevent Plaintiff from accessing these funds. See id. at 22. Additionally, Plaintiff alleges that Defendant misappropriated fourteen puppies that Plaintiff had reared, and that Defendant never provided Plaintiff with any "compensation" or "payment" for this appropriation. Id. at 23. Plaintiff now seeks monetary damages of $176,114.78 as a result. See id.

Together, these factual assertions suffice as a "short and plain statement of the claim showing that the pleader is entitled to relief," extraneous material notwithstanding. Rule 8(a)(2). "The key to Rule 8(a)'s requirements is whether adequate notice is given," Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004), and the Court has no trouble concluding that Defendant has received adequate notice of Plaintiff's bases for alleging unjust enrichment. Conversely, dismissal under Rule 8 is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). While the Amended Complaint is undoubtedly "confused," its "true substance" is far from "well disguised." Id. The Court therefore finds that dismissal is not warranted as a result of any violation of Rule 8(a).

For similar reasons, the Court declines to dismiss under Rule 8(d)(1), which specifies that "[e]ach allegation must be simple, concise, and direct." While the Amended Complaint as a whole is not simple, concise, or direct, each separate allegation does independently satisfy this standard. Rule 8(d)(1) additionally provides that "[n]o technical form is required" for complaints, meaning that the unorthodox format of the Amended Complaint is permissible so long as it contains "sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Iwachiw

v. Gersh, 212 F. App'x 44, 45 (2d Cir. 2007) (quotation marks omitted). The Court finds that this standard is met here.

Finally, the Court declines to dismiss the Amended Complaint based on Plaintiff's failure to number their paragraphs as required by Rule 10(b). See Dkt. No. 31-3 at 6–12 (arguing that Plaintiff's Amended Complaint should be dismissed for failure to "state [her] claims . . . in numbered paragraphs"). The Second Circuit has held that, "where the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party, the pleading should be accepted." Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005) ("And even where a violation of Rule 10(b) is not harmless, dismissal is not typically the appropriate course of action. Once a defendant has been served with a complaint that is defective in this way, it should be met with a motion for a more definite statement under Rule 12(e) or a motion to strike under Rule 12(f), rather than a motion to dismiss under Rule 12(b)."); accord Corwell v. Westchester Cnty., No. 19-CV-3049, 2020 WL 3960985, at *2 (S.D.N.Y. July 13, 2020) (denying dismissal under Rule 10(b) where the defendants cited "no case law for dismissal on this ground").

### B.    Motion to Strike

Defendant also seeks to have Plaintiff's Amended Complaint stricken. Under Federal Rule of Civil Procedure 12(f), the Court may strike any pleading that is "redundant, immaterial, impertinent, or scandalous." "To prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) [] the allegations have no bearing on the issues in the case; and (3) [] to permit the allegations to stand would result in prejudice to the movant." Roe, 151 F. Supp. 2d at 510 (quotation marks omitted). This presents a high bar, and motions to strike "are generally disfavored and will not be granted unless the

matter asserted clearly has no bearing on the issue in dispute." <u>Kehr</u>, 596 F. Supp. 2d at 829. Indeed, as a general rule, "the courts should not tamper with the pleadings unless there is a strong reason for so doing." <u>Lipsky v. Cmmw. United Corp.</u>, 551 F.2d 887, 893 (2d Cir. 1976).

 The Court declines to strike the Amended Complaint. As detailed above, <u>see</u> <u>supra</u> Section IV.A, the allegations contained in the Amended Complaint clearly relate to the underlying dispute between Plaintiff and Defendant. While the extraneous materials contained in the Amended Complaint are confusing and potentially unhelpful, <u>see, e.g.</u>, Am. Compl. at 25–29, they are certainly not "impertinent" or "scandalous." Rule 12(f). And even if the ultimate significance of these extraneous materials is not clear, they still concern Plaintiff's claims of unjust enrichment, and should thus be preserved; a pleading or portion of a pleading can only be stricken if it has "no possible bearing on the subject matter of plaintiff's claim." <u>Velez v. Lisi</u>, 164 F.R.D. 165, 167 (S.D.N.Y. 1995). The Court thus declines to strike any part of Plaintiff's pleading under Federal Rule of Civil Procedure 12(f).

 **C.** **Federal Rule of Civil Procedure 12(e)**

 In the alternative, Defendant seeks an order directing Plaintiff to refile her complaint with a more definite statement of her claims against Defendant. "A motion pursuant to Rule 12(e) should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" <u>Bower v. Weisman</u>, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (quoting <u>Boothe v. TRW Credit Data</u>, 523 F.Supp. 631, 635 (S.D.N.Y.1981)). Thus, a complaint is sufficient so long as it "inform[s] the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." <u>Id.</u> That standard is clearly met here, as discussed above. <u>See</u> <u>supra</u> Section IV.A. The Court therefore declines to require Plaintiff to file a more definite pleading.

### D.    Federal Rule of Civil Procedure 11

Finally, Defendant objects on the basis that Plaintiff failed to sign her Amended

Complaint. Rule 11(a) prescribes that "[e]very pleading, written motion, and other paper must be

signed by . . . a party personally if the party is unrepresented." The Supreme Court and the

Second Circuit have applied this requirement strictly, and they have given no indication that it

may be waived. See, e.g., Becker v. Montgomery, 532 U.S. 757, 764 (2001) (noting that Rule 11

"plainly . . . requires a signature on filed papers"); Digirolamo v. Sargent, 699 Fed. App'x. 84,

85 (2d Cir. 2017) (citing Rule 11 and finding that "the District Court properly dismissed"

complaint where the pro se litigant omitted signature).

However, Rule 11 also provides that "[t]he court must strike an unsigned paper *unless the*

*omission is promptly corrected* after being called to the . . . party's attention." Rule 11(a)

(emphasis added). Because of the liberality owed to pro se litigants, the Court will allow Plaintiff

an opportunity to correct this deficiency in her Amended Complaint. The Court thus directs

Plaintiff to file a second amended complaint that is properly signed within **forty-five (45) days**.

Failure to do so may result in dismissal under Federal Rule of Civil Procedure 41(b).

Furthermore, in submitting her second amended complaint, Plaintiff is permitted to alter

the substance and structure of her Amended Complaint. Plaintiff is encouraged to take the

opportunity to improve its clarity and organization. Plaintiff is also advised that the contents of

her Original Complaint have been superseded in their entirety by her Amended Complaint, and

that the contents of her Amended Complaint will likewise be superseded in their entirety by her

second amended complaint. See Int'l. Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)

("It is well established that an amended complaint ordinarily supersedes the original and renders

it of no legal effect."). Therefore, if Plaintiff wishes to incorporate any parts of her Original

Complaint and Amended Complaint, she must do so by explicitly including that text within the body of the second amended complaint.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED**, that Plaintiff file a second amended complaint within **forty-five (45) days**, and that this second amended complaint shall comply with Federal Rule of Civil Procedure 11(a); and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties; and it is further

**ORDERED**, that the Clerk of the Court shall send a copy of this Memorandum-Decision and Order by regular and certified mail to the return address on Plaintiff's Amended Complaint, which is: Barbara Grasso, Mountain Valley Hospice & Palliative Care, 108 Steele Avenue, Gloversville, New York, 12078.

**IT IS SO ORDERED.**

DATED:      July 28, 2023
            Albany, New York

LAWRENCE E. KAHN
United States District Judge